01
02
03
04

05                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
06                              AT SEATTLE

07 | DWIGHT PHILLIPS,                    )  CASE NO. C06-1821-JLR
                                         )
08 |        Plaintiff,                   )
                                         )
09 |   v.                                )  REPORT AND RECOMMENDATION
                                         )  RE: SOCIAL SECURITY
10 | MICHAEL J. ASTRUE,                  )  DISABILITY APPEAL
    Commissioner of Social Security      )
11                                       )
            Defendant.                   )
12 |_____ )

13     Plaintiff Dwight L. Phillips proceeds through counsel in his appeal of a final decision of the

14 Commissioner of the Social Security Administration (Commissioner). The Commissioner denied

15 plaintiff's applications for Supplemental Security Income (SSI) benefits after a hearing before an

16 Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record

17 (AR), and all memoranda of record, it is recommended that this matter be REMANDED for

18 further administrative proceedings.

19                          **FACTS AND PROCEDURAL HISTORY**

20     Plaintiff was born on XXXX, 1956.[1]  He has an eleventh grade education. Plaintiff

21 ─────────────────────

22     [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
    General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

previously worked as a cook.

Plaintiff applied for SSI in October 2001, alleging a disability onset date of March 15, 2001 due to a back condition and depression. His application was denied initially and on reconsideration, and he timely requested a hearing. An initial hearing was held before an ALJ on April 19, 2004, following which a decision was issued denying benefits. (AR 243-53.) Plaintiff appealed and, in October 2004, reapplied for SSI. However, the administrative files were not located and this Court remanded in order to allow the defendant to locate or reconstruct the record and to make a determination of whether to award benefits. (*See* AR 254-55); *Phillips v. Barnhart*, No. C05-1537-JCC-JPD (Dkt. 12).

Because the claim file and cassette tape of the hearing could not be located, the Appeals Council vacated the prior decision and ordered a *de novo* hearing, together with any further proceedings necessary to locate or reconstruct the record, and consolidated plaintiff's October 2001 and October 2004 SSI applications. (AR 256.) A second hearing was conducted by an ALJ on February 25, 2006. (AR 597-639.) The ALJ issued a decision on October 23, 2006 denying benefits. ( AR 11-22.) Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must

---

official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01 be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not
02 engaged in substantial gainful activity since his alleged onset date. At step two, it must be
03 determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's
04 mood disorder with psychotic features and a lumbar strain. Step three asks whether a claimant's
05 impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments, either
06 separately or in combination, did not meet or equal the criteria for any listed impairments. If a
07 claimant's impairments do not meet or equal a listing, the Commissioner must assess residual
08 functional capacity (RFC) and determine at step four whether the claimant has demonstrated an
09 inability to perform past relevant work. The ALJ found plaintiff unable to perform his past
10 relevant work. If a claimant demonstrates an inability to perform past relevant work, the burden
11 shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to
12 make an adjustment to work that exists in significant levels in the national economy. The ALJ
13 found plaintiff could perform the jobs of dishwasher and laundry worker.

14 This Court's review of the ALJ's decision is limited to whether the decision is in
15 accordance with the law and the findings supported by substantial evidence in the record as a
16 whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more
17 than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable
18 mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750
19 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's
20 decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.
21 2002).

22 Plaintiff argues that the ALJ's assessment of his RFC is not supported by substantial

evidence because she failed to properly evaluate the opinion of examining physician Dr. Heilbrunn. Furthermore, plaintiff contends that the ALJ's step five finding was not supported by substantial evidence because the hypothetical upon which the vocational expert (VE) based his opinion did not include the plaintiff's borderline intellectual functioning. In response, defendant urges affirmance, arguing that it was within the province of the ALJ to choose the physician's opinion upon which to rely, and that the hypothetical posed by the ALJ properly included all limitations found to be supported by substantial evidence.

### Opinion of Dr. Heilbrunn

Plaintiff notes that the opinion of examining state agency physician Dr. Heilbrunn as to plaintiff's physical capacity is not consistent with the functional capacity assessed by the ALJ. Plaintiff does not dispute that the ALJ is responsible for resolving conflicts in the medical evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). However, plaintiff argues that the ALJ must explicitly evaluate those opinions, providing clear and convincing reasons for rejecting the uncontradicted opinion of either a treating or examining physician, and specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinion if contradicted by another doctor. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995). The Commissioner argues that the ALJ's decision summarized all medical opinions of record, including those of Dr. Heilbrunn, and provided the requisite specific and legitimate reasons for finding in favor of one physician instead of another. In reply, plaintiff points out that the specific and legitimate reasons suggested by the Commissioner were not, in fact, reasons advanced by the ALJ.

The Commissioner correctly notes that the ALJ made mention of Dr. Heilbrunn's examination of plaintiff:

On the same day as his hospitalization the claimant underwent a physical evaluation from Dr. Heilbrunn. The claimant had normal gait and movement. He sat comfortably during the entire interview and had a normal affect and eye contact. He was an excellent historian and did not appear depressed. He was understandably concerned about the deaths in his family. Dr. Heilbrunn diagnosed the claimant with lumbar muscle strain.

(AR 13; internal citations omitted.) However, the ALJ does not discuss or otherwise acknowledge Dr. Heilbrunn's functional assessment (AR 130) which, if credited, would restrict plaintiff to work performed at levels below the "medium" work level which the ALJ found plaintiff capable of performing. Instead, the ALJ credits the report of non-examining state agency doctors who completed the type of "check-the-box" form that is typically given less weight. (AR 14, 198-203); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998).

Although the ALJ need not discuss all evidence presented, she must explain why "'significant probative evidence has been rejected.'" *Vincent v Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). The findings must be sufficiently detailed "to permit courts to review those decisions intelligently." *Id.* at 1394 (citing *Lewin v. Schwieker*, 654 F.2d 631, 634 (9th Cir. 1981)).

The Commissioner suggests that evidence of the ALJ's consideration of Dr. Heilbrunn's opinion can be found in the comment that: "Interestingly the only person who has felt that the claimant was a good historian was the person who did the physical examination of the claimant." (AR 19.) This suggestion is unavailing, however, as the comment is made by the ALJ in connection with plaintiff's mental impairments, not his physical capacity. Furthermore, despite the Commissioner's argument that we should review other portions of the ALJ's decision to construe the ALJ's consideration of Dr. Heilbrunn's opinion, "we cannot affirm the decision of

01 an agency on a ground that the agency did not invoke in making its decision." *Stout v.*

02 *Commissioner*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari,* 249 F.3d 840,

03 847 (9th Cir. 2001) (citing *SEC v. Chenery Corp.* 332 U.S. 194, 196 (1947))).  Nor is this a case

04 in which the omission could be considered harmless error, since the ALJ provided no analysis

05 which would explain the crediting of the opinions of the reviewing physicians over that of

06 examining physician Dr. Heilbrunn.

07       Given the above, this case should be remanded to allow the ALJ to properly evaluate the

08 opinions of Dr. Heilbrunn.

Hypothetical Question Posed to VE

10       Plaintiff also contends that the hypothetical posed to the VE was incomplete because it

11 failed to include the plaintiff's borderline intellectual functioning.  The Commissioner argues that

12 the ALJ need only include the limitations found to be supported by substantial evidence, and that

13 the hypothetical was sufficient.  Further, the Commissioner contends that plaintiff has not shown

14 that any accommodations relevant to this limitation were not included in the ALJ's functional

15 capacity finding.

16       The ALJ's decision shows that she was aware of the opinions of those doctors who

17 identified plaintiff's borderline intellectual functioning. ( *See* AR 14, 15).  The ALJ's functional

18 capacity finding shows some consideration of problems with intellectual functioning: "While his

19 intellectual functioning is not clear, he does have some apparent problems in concentration.  He

20 can prepare his own food and follow simple instruction, so I find that he has moderate limitations

21 in concentration, persistence and pace."  (AR 19.)

22       Plaintiff argues that borderline intellectual functioning is a limitation on its own and must

be specifically considered as such by the VE, citing the Eighth Circuit case of *Lucy v. Chater*, 113 F.3d 905 (8th Cir. 1997). However, in that case, the ALJ failed to limit the claimant to work that required following simple directions, instead erroneously finding the claimant capable of performing the full range of sedentary work, some of which requires a higher level of mental capacity. *Id.* at 909. Here, the ALJ's RFC finding, provided to the VE in the form of a hypothetical, adequately addressed any vocational limitations that plaintiff's level of intellectual functioning would require and, in fact, included the limitation to simple directions that was omitted by the ALJ in *Lucy*. As such, plaintiff fails to demonstrate error with regard to the ALJ's step five finding. However, if the ALJ's reconsideration of Dr. Heilbrunn's opinions changes the functional capacity finding, it may be necessary for the ALJ to also reconsider the step five finding as well, obtaining additional VE testimony if necessary.

## CONCLUSION

For the reasons described above, this matter should be REMANDED for further administrative proceedings consistent with this decision. A proposed order accompanies this Report and Recommendation

DATED this 26th day of July, 2007.

Mary Alice Theiler
United States Magistrate Judge